165 So. 872

## TURNER v. STATE.
### 7 Div. 154.

Court of Appeals of Alabama.
Feb. 18, 1936.

Merrill, Jones & Whiteside, of Anniston, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

RICE, Judge.

Appeals come here where it is evident from a reading of the record that justice "has miscarried."

But we are an appellate court, with limited powers of review. Unless an error prejudicial to appellant has been committed by the trial court and proper exception reserved, or unless a motion to set aside the verdict of the jury has been made, overruled (in a criminal case), and an exception duly reserved to the action of the court below, and properly presented here for our consideration, there is nothing we can do other than to stand by and watch the "law take its course."

The instant appeal draws forth the above remarks.

It is plain to us, from the record before us, that it is such an appeal as we have described in the first paragraph of this opinion.

But there was no motion for a new trial; and the few exceptions reserved on the taking of testimony are so patently without merit as to need no discussion. We have no doubt the learned trial judge would have set aside the verdict on appellant's motion (on the ground of the insufficiency of the evidence to support same) had such motion been made. But it wasn't.

We believe the executive arm of the government will exercise the right of clemency reposed in it once the facts (even the evidence, merely, on behalf of the state) are placed before it.

But we can find no reversible error (Code 1923, § 3258), and the judgment must be, and is, affirmed.

Affirmed.